MCCLENDON, J.
Plaintiffs seek review of a judgment that granted defendants' exception raising the objection of no cause of action and dismissed plaintiffs' action against the defendants. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
Tracer Security Services, Inc. and Silver Eagle Security, Inc. filed a suit on open account pursuant to LSA-R.S. 9:2781 seeking to recover alleged payments for security detail provided at Cajun Country Casino in Raceland, Louisiana. In their petition, plaintiffs named Linda M. Ledet and John J. Ledet, Jr. as defendants. Plaintiffs alleged that the Ledets operated the casino under the assumed name of Cajun Country Casino and that the Ledets held a video bingo license issued by the State. Plaintiffs further alleged that Cajun Country Casino was not a corporation, a limited liability company, or any other type of registered entity, but rather was a trade name or assumed name of the Ledets. Plaintiffs attached multiple items to the petition, including a "Service Agreement" between Tracer[1] and Cajun Country Casino, which was signed on behalf of the casino by Pamela McGee as "Casino Manager."
In response to the petition, the Ledets filed an exception raising the objection of no cause of action. The Ledets asserted that they were not parties to the Service Agreement such that the plaintiffs cannot assert contractual causes of action against them.[2]
Following a hearing, the trial court granted the Ledets' exception, reasoning *355 that that there was no privity of contract because the items evidencing the obligations, including the contracts and gaming license, did not specifically reference the individuals John and Linda Ledet. The trial court subsequently signed a judgment on January 12, 2018, granting the exception and dismissing the plaintiffs' action against the Ledets.
The plaintiffs have appealed, assigning seven errors for review. In sum, the plaintiffs maintain that the trial court erred in granting the exception of no cause of action. The plaintiffs also assert that the trial court erred in allowing the Ledets to introduce evidence and by failing to allow the plaintiffs the opportunity to amend their petition.
DISCUSSION
The peremptory exception raising the exception of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. Naquin v. Bollinger Shipyards, Inc., 13-1638 (La.App. 1 Cir. 5/2/14), 147 So.3d 207, 209, writ denied, 14-1091 (La. 9/12/14), 148 So.3d 933. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. Rather, the exception is triable solely on the face of the petition and any attached documents. Paulsell v. State, Dept. of Transp. and Dev., 12-0396 (La.App. 1 Cir. 12/28/12), 112 So.3d 856, 864, writ denied, 13-0274 (La. 3/15/13), 109 So.3d 386. For purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Reynolds v. Bordelon, 14-2362 (La. 6/30/15), 172 So.3d 589, 594-95. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. CLB61, Inc. v. Home Oil Company, LLC, 17-0557, 17-0558 (La.App. 1 Cir. 11/1/17), 233 So.3d 656, 660. The exception should be granted "only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief." State of Louisiana, by & through Caldwell v. Astra Zeneca AB, 16-1073 (La.App. 1 Cir. 4/11/18), 249 So.3d 38, 42 (en banc), citing Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La. 3/17/06), 929 So.2d 1211, 1217.
Because the objection of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is de novo. Scheffler v. Adams and Reese, LLP, 06-1774 (La. 2/22/07), 950 So.2d 641, 647.
The Ledets contend that the plaintiffs' Suit on Open Account is entirely contradicted by the Service Agreement attached to it. The Ledets aver that even a cursory review of the Service Agreement reveals that Tracer did not enter into an agreement with the Ledets. Rather, the Ledets note that the agreement was executed by Pamela McGee and neither John Ledet nor Linda Ledet is mentioned therein. The Ledets aver that despite the plaintiffs' pleading, there exists no privity of contract between the Ledets and the plaintiffs.
In support, the Ledets cite Niland's Funeral Service, Inc. v. Stanley, 96-0378 (La.App. 1 Cir. 11/8/96), 684 So.2d 982, wherein this court concluded that a funeral *356 home failed to state a cause of action against a succession's administrator (Mr. Stanley) to enforce a contract entered between the funeral home (Niland's) and a third party (Dr. Monceret). In that case, however, on its face, the petition did not reflect any privity of contract between the parties. As noted therein, "[a] review of the petition indicates that Niland's is suing to enforce the terms and conditions under the contract between Niland's and Dr. Monceret, which permits Niland's to collect interest along with attorney's fees and court costs. Clearly, there is no privity of contract between Niland's and Mr. Stanley, in his capacity as administrator." Id. at 984-85 (footnote omitted).
By contrast, the petition at issue here alleges that the plaintiffs entered into a contract with the Ledets, that Cajun Country Casino was a trade name or assumed name of the Ledets, and that the Ledets were the recipients of the security services provided. For purposes of the exception of no cause of action, those allegations must be accepted as true. The fact that the Ledets, the alleged principals, are not named in the Service Agreement signed by the casino manager does not automatically exclude them from being held liable if the plaintiffs establish the facts plead in their petition. Moreover, the documents attached to plaintiffs' petition do not contradict the allegations in plaintiffs' petition. Accordingly, the trial court erred in granting the Ledets' exception raising the objection of no cause of action.
We recognize that the Ledets, in support of their exception, attempted to introduce evidence to show that LML Enterprises, LLC, and not the Ledets, operated Cajun Country Casino. However, the plaintiffs objected to admission of the evidence, and it cannot be considered on the exception of no cause of action. LSA-C.C.P. art. 931.
CONCLUSION
For the foregoing reasons, we reverse the trial court's January 12, 2018 judgment granting the exception raising the objection of no cause of action and dismissing the plaintiffs' action against the Ledets. Costs of this appeal are assessed against defendants, John J. Ledet, Jr. and Linda Ledet.
REVERSED.

Plaintiffs allege that Silver Eagle later acquired certain assets of Tracer, including the Service Agreement at issue. However, plaintiffs aver that Silver Eagle did not acquire the Ledets' outstanding account with Tracer.

The plaintiffs later amended their petition to name "LML Enterprises, LLC" as a defendant, alleging that it was possible that "LML Enterprises, LLC was a participant in the endeavor operating under the assumed name Cajun Country Casino."