NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBERS 2019 CA 0605 c/w 2019 CW 0606 &
2018 CW 1775

BANK OF ZACHARY

VERSUS

LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION
AND MCINNIS INSURANCE SERVICES, INC.

Judgment Rendered: ___SEP 2 2 2020___

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 660669
Honorable Janice Clark, Judge Presiding

*************

David S. Rubin
Keith J. Fernandez
George P. Holmes
Baton Rouge, LA

Counsel for Plaintiff/Appellee,
Bank of Zachary

John W. Waters, Jr.
David E. Walle
Benjamin R. McDonald
New Orleans, LA

Counsel for Defendant/1st Appellant,
Louisiana Citizens Property
Insurance Corporation

Elliot M. Lonker
David S. Daly
New Orleans, LA

Counsel for Defendant/2nd Appellant,
McInnis Insurance Services, Inc.

David L. McDavid, Jr.
Zachary, LA

Counsel for Intervenor/Appellee,
Wesley Beale

*************

BEFORE: WHIPPLE, C.J., GUIDRY, WELCH, PENZATO,
AND BURRIS,[1] JJ.

---

[1] Honorable William J. Burris is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

Welch, J. (by vdhm) concurs

Penzato, J. Dissents in part and assigns reasons.

Guidry, J. Dissents for the reasons assigned by Judge Penzato.

**WHIPPLE, C.J.**

In these consolidated appeals, defendants in the main demand, Louisiana Citizens Property Insurance Corporation ("Citizens") and McInnis Insurance Services, Inc. ("MIS"), appealed a November 13, 2018 judgment of the trial court granting summary judgment in favor of plaintiff, Bank of Zachary ("the Bank"). MIS, as defendant in cross claim, also appealed a July 12, 2018 judgment of the trial court denying its peremptory exception of no cause of action seeking dismissal of Citizens's cross claim against it. After consolidation of the two appeals, argument, and submission of this matter, Citizens and MIS submitted a joint motion for partial dismissal, which was referred to the merits of this appeal. Citizens also separately filed a motion for dismissal of its related writ application.

For the reasons that follow, the joint motion for partial dismissal is granted; Citizens's motion for dismissal of its writ application is granted; the Rule to Show Cause Orders issued in each appeal are recalled; MIS's appeal of the trial court's July 12, 2018 judgment denying MIS's peremptory exception of no cause of action is converted to an application for supervisory writs; and the writ is denied. This matter is remanded to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On January 26, 2017, Wesley Beale confected a loan in the amount of $156,000.00 from the Bank to purchase and renovate a home in Gonzales, Louisiana that was severely damaged by the August 2016 floods. The loan was secured by a mortgage on the property in favor of the Bank. As a condition of the loan, Beale was required to secure property, fire, and casualty insurance on the property. Beale obtained a conforming property insurance policy, identified as "DWG-1 Builders Risk Renovations" bearing policy number 917325, effective January 26, 2017, in the amount of $195,000.00, from Citizens through its agent, MIS. Endorsements titled DWG-E100, DWG-E60, and CTZ-U-0462 were

2

included in the policy. The application for the policy of insurance and the policy itself both listed the Bank's address as "P.O. Box 123, Zachary, LA 70791," which was undisputedly incorrect. Prior to the mortgage closing, MIS provided the Bank with an "ACORD – Evidence of Property Insurance" form dated January 20, 2017, evidencing that the home was owned by Beale and insured by Citizens and certifying the Bank's additional interest in any policy proceeds. The form listed the Bank's address as "P.O. Box 4700, Zachary, LA 70791," which was also incorrect.

Thereafter, Citizens's underwriting department notified MIS via a producer memo dated February 8, 2017, that it had reviewed the information contained in the application and determined that the property was underinsured. Citizens advised that the minimum amount of coverage required was $230,000.00 and that the policy would be endorsed to reflect the correct minimum value. Citizens sent a second memo to MIS on February 8, 2017, advising that after reviewing the information contained in the underwriting file, it was in need of a building permit or contract signed by a licensed contractor, a completed Builders Risk Renovation Endorsement Form, and interior photographs to be submitted by February 22, 2017. When the requested information was not submitted, Citizens sent a memo to MIS on February 23, 2017, advising that a notice of cancellation had been issued on the policy. The policy was subsequently cancelled effective March 25, 2017. On June 4, 2017, the home was destroyed by a fire. Thereafter, Beale and the Bank made claims under the policy, which Citizens denied on the basis that the policy had been cancelled.

On August 21, 2017, the Bank filed a petition for damages against Citizens and MIS, contending that the notices of cancellation purportedly sent by Citizens to the Bank were improperly addressed and thus, the Bank did not receive any notices concerning deficiencies in the policy and cancellation of the policy.

3

Specifically, the Bank contended that as a result of Citizens's failure to confirm a proper address for the Bank before sending the notices, Citizens is liable to the Bank, as an additional loss payee under the policy, for the total loss of the home resulting from the fire. As to MIS, the Bank contended that MIS was responsible for providing Citizens with the Bank's correct address on the policy application, and because MIS provided Citizens with an incorrect address for the Bank, the Bank did not receive the notices from Citizens on the policy, including the notice of cancellation. Thus, the Bank averred that where MIS's error impaired the Bank's ability to protect its interest by force-placing insurance or otherwise resolving Citizens's basis for cancelling coverage, MIS was jointly liable to the Bank for the damages caused by its lack of proper notice to the Bank. The Bank subsequently amended its petition to aver that the policy was a "fully earned premium" policy and, by its terms, was non-cancellable. The Bank thus averred that the reason Citizens cancelled the policy was not a legal or justifiable reason to cancel the policy. The Bank contended that it was entitled to penalties pursuant to LSA-R.S. 22:1892, as Citizens failed to make a written offer to settle the property damage claim or otherwise pay the claim within thirty days after receipt of satisfactory proof of loss.

Citizens answered the Bank's petition and filed a cross claim against MIS contending that it sent all notices, including the notice of cancellation, to the Bank at the address provided by MIS. Citizens averred therein that if the Bank failed to receive the notice of cancellation, the lack of notice resulted from MIS supplying Citizens with an incorrect address for the Bank, and, as such, any liability of Citizens would be "solely constructive or derivative" of MIS's failure to perform the duty it assumed to provide Citizens with the Bank's correct address. In an amended cross claim, Citizens further averred that pursuant to §12115A of Title 37, Chapter 121 of the Louisiana Administrative Code, MIS was allowed access to

4

Citizens's online EPIC system to submit applications for coverage and bind coverage, provided that MIS complied with all requirements of the application process established by Citizens. According to Citizens, MIS failed to comply with the requirements of the application process by submitting an incomplete application package that did not contain an accurate address for the Bank and failed to include information required by Citizens's guidelines for a builder's risk policy, and by attempting to bind coverage for Beale and the Bank, thus violating Louisiana regulations and agreements governing its access to Citizens's system and rendering MIS liable to Citizens for MIS's failure to perform. Additionally, Citizens contended that if it was obligated to pay the Bank, MIS is responsible to Citizens for the loss it sustains "as a result of [MIS]'s failure or omission to perform the duty it assumed to provide the Bank's correct address." Thus, Citizens averred that it was entitled to indemnity from MIS for any sums it may be liable to pay Beale and the Bank, as well as attorney's fees and all costs, or, alternatively, that it was entitled to contribution from MIS. After answering the Bank's petition, MIS responded to Citizens's cross claim by filing a peremptory exception raising the objection of no cause of action. In support of its exception, MIS argued that Citizens's cross claim against it involved only claims of negligence and that Louisiana law no longer recognized claims for indemnity and contribution in negligence cases. Thus, it contended that Citizens failed to state a claim for indemnity or contribution against MIS.[2]

---

[2]Beale also filed a petition for intervention against Citizens and MIS, contending therein that Citizens improperly cancelled the policy where, pursuant to the terms of the policy, it was "non-cancellable" with the premium "fully earned" upon the policy being issued, and that his agent, MIS, failed to use reasonable care in completing his application and submitting correct information to Citizens. Beale averred that as a result of MIS's error, the balance of the loan has not been paid despite the destruction of the property and that the Bank has demanded payment from Beale on the monthly note plus interest on the debt. He thus sought judgment in his favor for all damages caused by the acts or omissions of Citizens and MIS. However, Beale's intervention is not before us on appeal.

In February of 2018, the Bank filed a motion for summary judgment, contending that the undisputed facts established that it was entitled to judgment in its favor as a matter of law on its claims against Citizens and MIS. On June 11, 2018, the trial court conducted a hearing on both the Bank's motion for summary judgment on the main demand and MIS's exception of no cause of action as to Citizens's cross claim. At the conclusion of the hearing, the trial court granted the Bank's motion for summary judgment and denied MIS's exception.

MIS then filed an application for supervisory writ of review of the trial court's denial of its exception with this court. This court denied the writ application, noting that once the trial court signed a judgment granting the Bank's motion for summary judgment, "this will represent a final, appealable judgment" and the denial of the exception could be reviewed on appeal at that time. See Bank of Zachary v. Louisiana Citizens Property Insurance, 2018 CW 0894 (La. App. 1st Cir. 11/9/18). MIS also filed a writ application seeking review of the trial court's grant of summary judgment. This court denied that writ, noting that while the proposed judgment contained a reservation regarding penalties and attorney's fees against Citizens, the writ application was filed only by defendant MIS; thus, once a judgment was signed by the trial court, the granting of the Bank's motion for summary judgment "represents a final, appealable judgment as to [MIS] pursuant to Louisiana Code of Civil Procedure article 1915(A)(3)." See Bank of Zachary v. Louisiana Citizens Property Insurance, 2018CW0893 (La. App. 1st Cir. 11/13/18).

In the meantime, the trial court signed a judgment dated July 12, 2018, **denying** MIS's exception of no cause of action, but nonetheless ordering Citizens to amend its cross claim within five days of the date of the judgment "to cure the deficiencies" in the cross claim. By separate judgment dated November 13, 2018, the trial court granted the Bank's motion for summary judgment and rendered judgment in favor of the Bank against Citizens and MIS separately "in the amount

6

of $153,174.34, plus interest continuing to accrue at the per diem rate of $23.94," but clarifying that the total amount awarded to and collectible by the Bank "is $153,174.34, plus interest continuing to accrue at the per diem rate of $23.94." The judgment further assessed all costs to Citizens and provided that the trial court deferred ruling on the Bank's request for an award of penalties and attorney's fees against Citizens.

MIS and Citizens suspensively appealed the November 13, 2018 judgment, contending that the trial court erred in granting the Bank's motion for summary judgment. Their appeals were assigned docket number 2019 CA 0605. In addition to its appeal, Citizens filed an application for supervisory writs with this court challenging the November 13, 2018 summary judgment, which was referred to the merits of this appeal. See Bank of Zachary v. Louisiana Citizens Property Insurance, 2018 CW 1775 (La. App. 1st Cir. 4/5/19).

MIS also appealed the July 12, 2018[3] judgment denying its exception of no cause of action as to Citizens's cross claim, contending that the trial court erred as a matter of law in denying its exception when claims for contribution and indemnity have been abolished by the legislature since at least 1996 with the enactment of a pure comparative fault scheme in negligence cases. MIS's appeal was assigned docket number 2019 CA 0606.

Following the lodging of these separate appeals, this court issued Rule to Show Cause Orders in each appeal, ordering the parties in each matter to show cause as to whether the respective appeals should be dismissed, which were each ultimately referred to the panel to which the appeals were assigned.

Thereafter, on the unopposed motion of MIS, the matters were consolidated. Additionally, after argument and submission of this matter, Citizens and MIS

---

[3]Although MIS referenced the date of the judgment as June 26, 2018, in its motion to appeal, the judgment denying Citizens's exception of no cause of action was signed by the trial court on July 12, 2018.

7

submitted a joint motion for partial dismissal, advising that the claims by the Bank have been settled and thus seeking dismissal of MIS's and Citizens's appeals in docket number 2019 CA 0605 of the November 13, 2018 judgment in favor of the Bank,[4] and Citizens's writ application bearing docket number 2018 CW 1775, also relating to the November 13, 2018 judgment in favor of the Bank. The motion was referred to the merits of this appeal.

Additionally, Citizens filed a separate motion for dismissal, again seeking dismissal of its writ application bearing docket number 2018 CW 1775. We will likewise address that motion herein.

## DISCUSSION

### Joint Motion for Partial Dismissal and Citizens's Motion for Dismissal

Turning first to the joint motion for partial dismissal filed by Citizens and MIS and Citizens's motion for dismissal of its related writ application, these parties have advised this court in their motions that "all claims by the Bank" have been settled. Thus, they seek dismissal of the appeals of MIS and Citizens (2019 CA 0605), as well as Citizens's writ application (2018 CW 1775), relating to claims arising from the November 13, 2018 judgment of the trial court, which granted the Bank's motion for summary judgment and rendered judgment in favor of the Bank against Citizens and MIS in the amount of $153,174.34, plus interest.

MIS's and Citizens's challenges herein to the trial court's November 13, 2018 judgment granting the Bank's motion for summary judgment became moot, abstract, or hypothetical upon the settlement of those issues in the case, which prevents any further action or proceeding thereon. See LSA-C.C. art. 3071; St. Charles Parish School Board v. GAF Corporation, 512 So. 2d 1165, 1172 (La.

---

[4]While the joint motion for partial dismissal actually states that the parties are seeking dismissal of MIS's "appeal from the judgment in favor of the Bank ... in Case No. 2019 CA 0606," it is clear from the joint motion that the reference to 2019 CA 0606 was inadvertent and that MIS actually seeks dismissal of its appeal in 2019 CA 0605, relating to the November 13, 2018 judgment granting the Bank's motion for summary judgment.

8

1987) (on rehearing). Accordingly, the motion for partial dismissal is granted, and the appeals of MIS and Citizens bearing docket number 2019 CA 0605, as well as Citizens's writ application bearing docket number 2018 CW 1775, which relate to the November 13, 2018 judgment, are dismissed.[5] See generally ANR Pipeline Company v. Louisiana Tax Commission, 2001-2594 – 2001-2600 (La. App. 1st Cir. 3/20/02), 815 So. 2d 178, 182-183 (where defendants moved to dismiss consolidated appeals on the basis that the judgment on review was not final as to all appellants, this court granted the motion as to one of the consolidated appeals, but denied as to the other consolidated appeals, noting that the procedural rights peculiar to one consolidated case are not rendered applicable to another consolidated case by the mere fact of consolidation).

**Appellate Jurisdiction**

With the dismissal of Citizens's and MIS's appeals in 2019 CA 0605, the only remaining appeal before this court is MIS's appeal in 2019 CA 0606 seeking review of the trial court's July 12, 2018 judgment denying MIS's peremptory exception of no cause of action. Before addressing the merits of this appeal, we must first address whether this case is properly before this court, as raised in this court's May 24, 2019 Rule to Show Cause Order, which has been referred to this panel for disposition.

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. Nicaud v. Nicaud, 2016-1531 (La. App. 1st Cir. 9/15/17), 227 So. 3d 329, 330. As an appellate court, we are obliged to recognize any lack of jurisdiction if it exists. Quality Environmental Processes, Inc. v. Energy Development Corporation, 2016-0171, 2016-0172 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1045, 1053. The appellate jurisdiction of this court extends to "final judgments." See LSA-C.C.P. arts. 1911, 1915, 2083.

_____
[5]Because the appeals of Citizens and MIS in 2019 CA 0605 have been dismissed, we recall the Rule to Show Cause Order issued in that appeal as moot.

With regard to the rule to show cause order issued in MIS's appeal of the trial court's July 12, 2018 judgment denying its exception of no cause of action, this court noted that while interlocutory judgments may be considered in an unrestricted appeal of a final judgment, in appeal number 2019 CA 0606, MIS "is only seeking review of the July [12], 2018 'Judgment' of the district court, ... [w]hereas, in a separate appeal, namely 2019 CA 0605, [MIS] seeks review of the November 13, 2018 judgment of the district court, which appears to be a final judgment rendered in this case." Thus, because MIS filed a separate appeal of the trial court's denial of its exception, rather than seeking review of that interlocutory ruling in the appeal of a final judgment, this court ordered the parties to show cause by briefs as to why the appeal in Number 2019 CA 0606 should not be dismissed. Bank of Zachary v. Louisiana Citizens Property Insurance, 2019 CA 0606 (La. App. 1st Cir. 5/24/19).

The trial court's July 12, 2018 judgment denying MIS's exception of no cause of action is an interlocutory ruling and not appealable. See Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corporation, 2007-2206 (La. App. 1st Cir. 6/6/08), 992 So. 2d 527, 530, writ denied, 2008-1478 (La. 10/3/08), 992 So. 2d 1018 (involving the denial of a peremptory exception of prescription). While an appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him in an unrestricted appeal taken from a final judgment, Landry v. Leonard J. Chabert Medical Center, 2002-1559 (La. App. 1st Cir. 5/14/03), 858 So. 2d 454, 461 n.4, writs denied, 2003-1748 & 2003-1752 (La. 10/17/03), 855 So. 2d 761, in the current procedural posture of this matter, there is no unrestricted appeal of a final judgment before the court. Although this court had previously granted MIS's motion to consolidate the appeals of the July 12, 2018 judgment denying MIS's exception and the November 13, 2018 judgment

10

granting the Bank's motion for summary judgment, the appeal of the November 13, 2018 judgment is no longer before this court.

Nonetheless, we have authority to exercise our supervisory jurisdiction and treat the appeal of this interlocutory judgment as an application for supervisory writs. See Stelluto v. Stelluto, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39 (appellate court may exercise its discretion to convert an appeal to an application for supervisory writs, even where the appellate court had previously denied a writ application).[6]

As mentioned above, MIS previously filed a writ application through which it sought review of the trial court's denial of its exception.[7] This court however, denied the writ, noting that "once the district court issues a signed judgment granting [the Bank's] Motion for Summary Judgment against [MIS], this will represent a final, appealable judgment, and ... the denial of [MIS's] Peremptory Exception of No Cause of Action may be reviewed on appeal at that time."

Because MIS clearly sought to preserve its right to seek review of the trial court's adverse interlocutory judgment, and because no undue prejudice results to Citizens by conversion of the instant appeal to an application for supervisory writs of review, in the interests of justice and fairness, as well as judicial economy, we exercise our discretion and convert this appeal to an application for supervisory writs. See LSA-C.C.P. art. 2164; State ex rel. Department of Social Services v. Howard, 2003-2865 (La. App. 1st Cir. 12/30/04), 898 So. 2d 443, 444 n.1; Catania ex rel. Catania v. Stephens, 2014-1292, 2014-1293, p. 7 (La. App. 1st Cir. 3/17/15), 2015 WL 1231425; Samuel v. Remy, 2015-0464, p. 5 (La. App. 1st Cir. 8/31/16),

---

[6]See also Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So. 2d 878 (La. 1981) (per curiam) ("A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court").

[7]The writ application was docketed as number 2018 CW 0894.

11

2016 WL 4591885, writ denied, 2016-1785 (La. 11/29/16), 211 So. 3d 387. We thus recall the May 24, 2019 Rule to Show Cause Order issued in 2019 CA 0606 and will review the July 12, 2018 denial of MIS's exception of no cause of action pursuant to our supervisory jurisdiction.

## Exception of No Cause of Action

MIS challenges the denial of its exception raising the objection of no cause of action as to Citizens's cross claim against it for indemnity or contribution against MIS. A peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy under the facts alleged in the pleading. CLB61, Inc. v. Home Oil Company, LLC, 2017-0557, 2017-0558 (La. App. 1st Cir. 11/1/17), 233 So. 3d 656, 660. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. Tracer Security Services, Inc. v. Ledet, 2018-0269 (La. App. 1st Cir. 9/24/18), 259 So. 3d 353, 355. Rather, the exception is triable on the face of the pleading, and for purposes of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. The only issue at the trial of the exception is whether, on the face of the pleading, the plaintiff is legally entitled to the relief sought. CLB61, Inc., 233 So. 3d at 660.

Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Tracer Security Services, Inc., 259 So. 3d at 355. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is *de novo*. Tracer Security Services, Inc., 259 So. 3d at 355.

12

In arguing that the trial court erred as a matter of law in denying its exception of no cause of action, MIS contends that this case is a pure negligence case. It further asserts that since the introduction of pure comparative fault in 1996, solidary liability amongst all joint tortfeasors was abolished, and, thus, claims for contribution and indemnity are no longer recognized under our law. According to MIS, after the enactment of a pure comparative fault system, the fault of everyone (whether a party or non-party) is assessed, and no party is liable for more than his assessed virile share of fault. Therefore, MIS argues, Citizens has failed to state a cause of action against MIS for contribution or indemnity.

Prior to amendments in 1987 and 1996, the principle of solidary liability among joint tortfeasors had been a part of Louisiana's civil tradition for more than 150 years. See Dumas v. State Department of Culture, Recreation & Tourism, 2002-0563 (La. 10/15/02), 828 So. 2d 530, 533. By amendment in 1987, the legislature limited solidarity among non-intentional joint tortfeasors by providing for solidary liability only to the extent necessary for a victim to recover fifty percent of his recoverable damages. LSA-C.C. art. 2324 (as amended by Acts 1987, No. 373); See Dumas, 828 So. 2d at 534. Thereafter, by amendment in 1996, the Louisiana legislature abolished solidary liability among non-intentional tortfeasors and placed Louisiana in a pure comparative fault system, such that a non-intentional joint tortfeasor is no longer solidarily liable with another for damages attributable to the fault of that other tortfeasor. LSA-C.C. arts. 2323 & 2324(B) (as amended by Acts 1996, No. 3, 1ˢᵗ Ex. Sess.); See Dumas, 828 So. 2d at 535.

However, MIS's reliance on Louisiana's pure comparative fault system in support of its exception is misplaced. Citizens's cross claim against MIS is not based on its status as a joint tortfeasor with MIS. Rather, Citizens, in its original and amended cross claims, asserts a claim against MIS, alleging that MIS breached

13

a duty, imposed by regulation and accepted by MIS, to accurately and completely submit the application for insurance and that **MIS's breach of this duty directly caused harm or potential loss to Citizens** in the form of whatever policy proceeds it may be obligated to pay the Bank or Beale under the policy.

Specifically, Citizens averred in its cross claim that pursuant to provisions of the Louisiana Administrative Code, MIS was allowed to access Citizens's online EPIC system to submit applications for and bind coverage, but that in so doing, MIS, as a "producer," assumed a duty to comply with the requirements of the application process established by Citizens. Moreover, according to the allegations of the pleading, before being given access to Citizens's EPIC system, MIS agreed to Citizen's Subscriber Agreement, which also provided that any authority extended to MIS was conditioned upon its compliance with the standards, guidelines, and requirements established by Citizens, as well as the requirements of Regulation 87 of the Louisiana Administrative Code and the Louisiana Revised Statutes. Citizens further averred that in applying for coverage for Beale and the Bank, MIS failed to comply with the application process established by Citizens. Thus, Citizens asserted, if it is required to pay policy proceeds to Beale or the Bank, MIS is responsible to Citizens for the loss it sustains as a result of MIS's failure to perform.

Accordingly, considering these allegations of the cross claim, the question this court must answer in determining whether on the face of the cross claim Citizens is legally entitled to relief against MIS is whether MIS in fact owed a duty to Citizens, which, if breached, would render MIS liable to Citizens for damages Citizens may suffer.

An "insurance producer" is "a person required to be licensed under the laws of this state to sell, solicit, or negotiate insurance" and includes all persons or business entities otherwise referred to in the Louisiana Insurance Code as

14

"'insurance agent' or 'agent,' or 'insurance broker' or 'broker,' or 'insurance solicitor' or 'solicitor,' or 'surplus lines broker.'" LSA-R.S. 22:1542(6); LAC 37, Pt. XII, §12107. Producer licenses are issued by the Louisiana Commissioner of Insurance, and the license authorizes a producer to make an application for and procure policies of insurance in the lines of insurance to which the producer has been duly licensed. LSA-R.S. 22:1542(8). Every producer duly licensed to sell property and casualty insurance may sell insurance policies that are issued by Citizens through its FAIR and Coastal Plans.[8] LSA-R.S. 22:2313(A).

As set forth by statute, the governing board of Citizens has the duty to formulate criteria and an application process to certify qualified licensed property and casualty insurance producers to bind insurance coverage for the FAIR and Coastal Plans. LSA-R.S. 22:2313(B). Regulation 87, set forth in Chapter 121 of Title 37 of the Louisiana Administrative Code and titled "Regulation 87-- Louisiana Citizens Property Insurance Corporation Producer Binding Requirements," was promulgated by the Board of Directors of Citizens pursuant to that authority granted under the Louisiana Insurance Code. See LAC 37, Pt. XIII, §12103. Regulation 87 applies to all duly licensed insurance producers who have applied to Citizens and have met the qualifications for binding authority and establishes the guidelines and requirements for licensed and qualified insurance producers to have binding authority to write applications of property and casualty insurance for the FAIR Plan and the Coastal Plan issued by Citizens. See LAC 37, Pt. XIII, §§12101 & 12105.

Pursuant to Regulation 87, in order to bind coverage, the insurance producer must "submit to Citizens a completed application warranting compliance with applicable requirements established by Citizens" or, more specifically, "shall

_____

[8]The Louisiana Citizens Property Insurance Corporation, a non-profit corporation, was created to provide residential property insurance solely for applicants who are unable to procure insurance through the voluntary market. LSA-R.S. 22:2291, 2293(A) & 2297(A).

15

complete and submit the on-line application for property and casualty insurance coverage to Citizens and shall comply with all requirements of the application process that have been established by Citizens." LAC 37, Pt. XIII, §§12111(A)(5) &12115(A). Additionally, each insurance producer who has authority to bind coverage with Citizens is responsible to ensure that it "properly follows all of the underwriting procedures established by Citizens." LAC 37, Pt. XIII, §12121.

Thus, pursuant to statute and regulation, an insurance producer with authority to bind coverage with Citizens owes a corresponding duty to submit a completed application to Citizens that complies with all of Citizens's requirements, a duty which we conclude may render the producer liable to Citizens for any breach resulting in loss. See American Central Insurance Co. v. Boucher & Slack Insurance Agency, 38,310 (La. App. 2nd Cir. 4/7/04), 870 So. 2d 523, 526, writ denied, 2004-1405 (La. 9/24/04), 882 So. 2d 1143 (where independent insurance agency exposed insurer to liability for its action contrary to the insurer's instructions, court found insurance agency responsible for the insurer's loss, noting that where an insurer is exposed to liability for policy claims because of actions by the agent beyond the agent's authority or contrary to instructions, the agent is accountable to the insurer for the insurer's loss); Chiasson v. Whitney, 427 So. 2d 470, 476-477 (La. App. 5th Cir.), writs denied, 433 So. 2d 179, 180 and 183 (La. 1983); also see generally Millers Casualty Insurance Company of Texas v. Cypress Insurance Agency, Inc., 273 So. 2d 602, 604-605 (La. App. 1st Cir. 1973) (where insurance agency intentionally back-dated a policy, it exceeded its authority and thus was responsible for the amount the insurer was forced to pay on the claim); and Toups v. Equitable Life Assurance, 94-1232 (La. App. 3rd Cir. 5/3/95), 657 So. 2d 142, 148, writs denied, 95-2102, 95-2110, 95-2113 (La 12/8/95), 664 So. 2d 421 (on rehearing) (where an insurer is exposed to liability for policy claims

16

because of action by its agent beyond the agent's authority or contrary to instructions, the agent is accountable to the insurer for its loss).

In its cross claim, Citizens averred that its application procedures and underwriting guidelines required that the application include photographs, a local permit or contract signed by a licensed contractor performing the renovations, and Form CTZ-U-0462 signed and dated by both the insured and the producer. As further alleged in the cross claim, before submitting the application, MIS had to acknowledge, on a screen within the EPIC system, that it understood that Citizens would "rely on the truth and correctness" and "completeness of this application ... and all attachments to the application." However, according to the allegations of the pleading, MIS supplied incorrect information on the application when it incorrectly listed the Bank's address and, further, submitted an application that was incomplete in that it did not contain the mandatory items listed above. Citizens further averred in its cross claim that the incompleteness of the application submitted by MIS prevented the application from being accepted by Citizens, resulting in coverage never going into effect and ultimately leading to Citizens issuing a notice of cancellation to both Beale and the Bank. Citizens also averred that any resulting lack of notice to the Bank was also the result of MIS's actions in failing to supply the Bank's correct address in the application. Thus, Citizens contended that if it is cast in judgment to Beale or the Bank, MIS is responsible to Citizens for any loss sustained by Citizens as a result of MIS's failure to perform the duty it assumed to provide the Bank's correct address. Accepting these factual allegations of the cross claim as true, which we must for the purposes of ruling on the exception, we conclude that Citizens has stated a cause of action against MIS. Accordingly, finding no error in the portion of the trial court's July 12, 2018

17

judgment denying MIS's exception of no cause of action, we hereby deny the writ application.[9]

**CONCLUSION**

Based on the above and foregoing reasons, the Rule to Show Cause Orders in 2019 CA 0605 and 2019 CA 0606 are recalled; the joint motion for partial dismissal filed by McInnis Insurance Services, Inc. and Louisiana Citizens Property Insurance Corporation is granted; Louisiana Citizens Property Insurance Corporations's motion for dismissal of its related writ application is granted; the parties' appeals of the November 13, 2018 judgment docketed as 2019 CA 0605 are dismissed; the writ application docketed as 2018 CW 1775 is dismissed; McInnis Insurance Services, Inc.'s appeal of the July 12, 2018 judgment denying its peremptory exception of no cause of action as to the cross claim of Louisiana Citizens Property Insurance Corporation, docketed as 2019 CA 0606, is converted to an application for supervisory writs of review, and the writ application is denied; and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed two-thirds to McInnis Insurance Services, Inc., and one-third to Louisiana Citizens Property Insurance Corporation.

**RULE TO SHOW CAUSE ORDERS RECALLED; JOINT MOTION FOR PARTIAL DISMISSAL GRANTED AND APPEAL NUMBER 2019 CA 0605 DISMISSED; CITIZENS'S MOTION FOR DISMISSAL OF ITS WRIT APPLICATION GRANTED AND WRIT NUMBER 2018 CW 1775 DISMISSED; APPEAL NUMBER 2019 CA 0606 CONVERTED TO APPLICATION FOR SUPERVISORY WRITS OF REVIEW AND WRIT DENIED; REMANDED.**

---

[9]While the trial court's July 12, 2018 judgment denied MIS's exception of no cause of action, a ruling with which we find no error on supervisory review, the judgment also ordered Citizens to amend its cross claim within five days "to cure the deficiencies" in the cross claim. Nonetheless, because Citizens has not complained about this portion of the trial court's July 12, 2018 judgment, the propriety of that language is not before us.

18

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0605 C/W 2019 CA 0606

BANK OF ZACHARY

VERSUS

LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION
& MCINNIS INSURANCE SERVICES, INC.

PENZATO, J., dissents in part, and assigns reasons.

I respectfully dissent in part from the portion of the majority opinion that converts MIS's appeal in 2019 CA 0606 to an application for supervisory writs. I do not find that the factors set forth in *Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So. 2d 878 (La. 1981) (per curiam), have been met.

Accordingly, I would dismiss appeal number 2019 CA 0606.