STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CU 0897

DAVID W. BEEM

VERSUS

KIMBERLY D. BEEM

Judgment Rendered: ʼAPR 2 0 2021

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2016-13877, Division "L"


Honorable Dawn Amacker, Judge Presiding

**************

Angela Cox Williams                     Counsel for Plaintiff/Appellee,
Jesman Basanti Finley                   David W. Beem
Slidell, LA


Shandy Arguelles                        Counsel for Defendant/Appellant,
Slidell, LA                             Kimberly D. Beem

**************

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

This custody case is before us on appeal by the mother, Kimberly Howell, from a judgment of the trial court, overruling her exception of no cause of action and naming the father, David W. Beem, as domiciliary parent. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

David W. Beem and Kimberly Howell (formerly Kimberly D. Beem) were married in 2008 and had two children together, born on October 28, 2009, and on August 5, 2011. Mr. Beem filed a petition for divorce on September 15, 2016; however, on December 12, 2016, he filed an additional petition for divorce pursuant to LSA-C. C. art 103(4),[1] and the parties were subsequently divorced on February 8, 2017. Subsequently, on February 2, 2017, after the parties reached an agreement, the trial court signed a consent judgment, granting them joint and shared physical custody of their two minor children, but naming no domiciliary parent. The consent judgment also made provisions for, *inter alia*, child support, health insurance, and income tax exemptions.

On June 17, 2019, Mr. Beem filed a "Motion to Modify Child Support and for Designation of Domiciliary Parent." On September 13, 2019, Ms. Howell responded to Mr. Beem's motion and filed a "Rule for Contempt, Motion to Modify, Rule for Increase in Child Support[,] and Incidental Relief," wherein she also sought to be named domiciliary parent of the two minor children. The parties appeared before a hearing officer on October 3, 2019.[2] The hearing officer issued a detailed report and made various recommendations, including a recommendation

---

[1] Louisiana Civil Code article 103(4) provides for an immediate, fault-based divorce when one spouse physically abuses the other during the marriage.

[2] Louisiana Revised Statutes 46:236.5(C) allows for the use of hearing officers in cases "for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters."

2

that Mr. Beem be designated the domiciliary parent and that his child support obligation be reduced. Ms. Howell filed a general objection to the hearing officer's "findings and recommendations."

A hearing on the matter was set for June 1, 2020. After the hearing date was set, through new counsel, Ms. Howell filed an amended motion and a peremptory exception of no cause of action. In her exception, Ms. Howell alleged that Mr. Beem's motion to be named domiciliary parent could not be granted because he failed to allege a material change in circumstances that would warrant a modification of the existing consent custody judgment.

Prior to the hearing date, the parties entered into a consent judgment whereby they agreed that neither party would owe child support to the other and that they would split the statutory allowable expenses on a 50/50 basis. Accordingly, the only outstanding matters that remained for the trial court to decide were Ms. Howell's exception of no cause of action and the parties' reciprocal requests to be named domiciliary parent. Following a hearing, the trial court overruled Ms. Howell's exception of no cause of action, denied her motion to be named domiciliary parent, and granted Mr. Beem's motion to be named domiciliary parent. On June 16, 2020, the trial court signed a judgment in accordance with the oral reasons for judgment given at the hearing.

Ms. Howell then filed the instant appeal, contending that the trial court erred in overruling her peremptory exception of no cause of action and in finding that the burden of proving a material change in circumstances was inapplicable when a party sought to modify a consent custody decree that did not initially designate a domiciliary parent to one designating a domiciliary parent.

## DISCUSSION

At the outset, we note on appeal, Ms. Howell does not assign as error the designation of Mr. Beem as the domiciliary parent of their two minor children, or

3

the underlying factual findings of the trial court. Instead, her appeal challenges the propriety of the denial of her exception and whether the trial court applied the correct evidentiary standard. As such, these arguments present legal issues, which we will address in this appeal.

The peremptory exception raising the exception of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy under the facts alleged. Tracer Security Services, Inc. v. Ledet, 2018-0269 (La. App. 1st Cir. 9/24/18), 259 So. 3d 353, 355. Generally, the exception is triable solely on the face of the petition and any attached documents, and no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931; see also Paulsell v. State, Department of Transportation and Development, 2012-0396 (La. App. 1st Cir. 12/28/12), 112 So. 3d 856, 864, writ denied, 2013-0274 (La. 3/15/13), 109 So. 3d 386. However, the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence admitted without objection. In those instances, the pleadings are considered to have been enlarged. Misita v. St. Tammany Parish Government, 2018-1595 (La. App. 1st Cir. 9/11/19), 286 So. 3d 440, 444, writ denied, 2019-01877 (La. 1/28/20), 291 So. 3d 1060. Otherwise, the court must accept all factual allegations of the petition as true and maintain the exception only if no remedy is afforded under the allegations asserted. Woodland Ridge Association v. Cangelosi, 94-2604 (La. App. 1st Cir. 10/6/95), 671 So. 2d 508, 510.

The burden of establishing that a petition fails to state a cause of action is on the mover. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is *de novo*. Maw Enterprises, L.L.C. v. City of Marksville, 2014-0090 (La. 9/3/14), 149 So. 3d 210, 215. The

4

pertinent inquiry is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. Maw Enterprises, L.L.C., 149 So. 3d at 215.

In a proceeding for divorce or thereafter, the trial court shall award custody in accordance with the best interest of the child. LSA-C.C. art. 131. Indeed, the best interest of the child is the sole criterion to be met in making an initial custody award, and the trial court must actively pursue that course of conduct that will be of the greatest benefit to the child. It is the child's emotional, physical, material and social well-being and health that are the court's very purpose in child custody cases; the court must protect the child from the real possibility that the parents are engaged in a bitter, vengeful, and highly emotional conflict. Hodges v. Hodges, 2015-0585 (La. 11/23/15), 181 So. 3d 700, 702; Harrell v. Harrell, 2017-0561 (La. App. 1st Cir. 12/5/17), 236 So. 3d 704, 709, writ denied, 2018-0018 (La. 2/2/18), 235 So. 3d 1112. The legislature has mandated that the court look only to the child's interests so that the court can fulfill its obligations to the child. Hodges, 181 So. 3d at 702. As set forth by the Louisiana Supreme Court in Hodges, LSA-R.S. 9:335 "manifests the legislature's clear intent to establish a custodial system in which a child has a domiciliary parent and no more than one such parent. The text is clear." Hodges, 181 So. 3d at 706.

In cases where the underlying custody decree is a stipulated judgment, and the parties have consented to a custodial arrangement with no evidence as to parental fitness, the heavy burden of proof enunciated in Bergeron v. Bergeron, 492 So. 2d 1993 (La. 1986) is not applicable. Instead, the party seeking modification of the stipulated judgment must allege and prove that there has been a change in circumstances materially affecting the welfare of the child since the original custody decree was entered and that the proposed modification is in the

5

best interest of the child. Tinsley v. Tinsley, 2016-0891 (La. App. 1ˢᵗ Cir. 1/18/17), 211 So. 3d 405, 412; Evans v. Lungrin, 97-0541 (La. 2/6/98), 708 So. 2d 731, 738.

As noted above, on appeal, Ms. Howell asserts that the trial court erred in denying her exception raising the objection of no cause of action and further in finding that, when seeking to be designated as the domiciliary parent, Mr. Beem did not have to prove a change in circumstances materially affecting the welfare of the children. Conversely, Mr. Beem maintains that under LSA-R.S. 9:335 and Hodges, when parties are awarded joint custody, the court must designate a domiciliary parent unless the implementation order provides otherwise or for other good cause shown justifying the failure to designate a domiciliary parent. Mr. Beem avers that in the absence of a designation, an implementation plan, or good cause shown, the parties are not precluded from seeking what the law provides "shall occur," namely, the designation of a domiciliary parent.[3]

The initial custody decree herein was a consent judgment, whereby the parties agreed to joint and shared physical custody of the children, with neither party designated as the domiciliary parent. Approximately two years later, Mr. Beem filed his motion to be designated the domiciliary parent of the two minor children, setting forth in his motion that he is "better equipped to be the 'scheduler' for the children's affairs, handles conflicts more level[-]headed than the Mother, and is best suited to be the domiciliary parent." Notably, shortly thereafter, Ms. Howell likewise requested to be designated the domiciliary parent, contending that it was "in the best interest of the children" that she be designated as the domiciliary

---

[3] Mr. Beem also notes that LSA-C.C. art. 134, LSA-R.S. 9:341, and 9:364 were revised in 2018 to change the custody rules in regards to a "parent who has a history of perpetrating family violence." He avers that because he was granted a LSA-C.C. art. 103(4) divorce and a protective order from Ms. Howell, these provisions apply to her and that if he filed to modify custody, she would only be granted supervised visitation. This argument was not raised in the trial court; therefore, we decline to address it on appeal. See Uniform Rules, Courts of Appeal, Rule 1-3.

parent because she was the children's "primary caregiver and most responsible parent" for the children.

Thus, despite her contention that the trial court could not grant the relief of designating a domiciliary parent when the prior consent judgment contained no designation of either as the domiciliary parent, the record shows that by their filings, both parties placed the issue before the trial court. We conclude that inherent in her request that the trial court make such a designation in her favor was an acknowledgement that the designation of a domiciliary parent by the trial court was both necessary and in the children's best interest.

Moreover, although Mr. Beem may have failed to use the phrase "change in circumstances," we find that his pleading sufficiently stated a cause of action for the designation of a domiciliary parent and for his qualifications as such. Accordingly, on *de novo* review, we find no error by the trial court in rejecting Ms. Howell's arguments and overruling her exception of no cause of action.

Ms. Howell further avers that the trial court applied the incorrect legal standard for the modification of a consent custody decree. Pretermitting whether the trial court misspoke in its reasons for judgment, the law is clear that the trial court's oral or written reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. Judgments are often upheld on appeal for reasons different than those assigned by the trial judges. Wooley v. Lucksinger, 2009-0571 (La. 4/1/11), 61 So. 3d 507, 572. Accordingly, we find no merit in this argument either.

Moreover, after our careful review, we note that Ms. Howell did not brief or assign as error on appeal the trial court's ultimate bases for the designation of Mr. Beem as the domiciliary parent of the two minor children, nor did she challenge on appeal the underlying factual findings of the trial court. However, to the extent that her assignment of error could be viewed as raising the propriety or merits of

7

the trial court's ruling and findings, we find the trial court properly considered the evidence presented at trial under the applicable legal standard and properly concluded that the evidence presented at trial was sufficient to find that Mr. Beem had proven a change in circumstances materially affecting the welfare of the children since the rendition of the consent custody judgment of February 2, 2017 and that the designation of him as a domiciliary parent was in their children's best interests.

As shown in the record, since the February 2, 2017 judgment, Ms. Howell has demonstrated a complete inability to co-parent or communicate with Mr. Beem, or act in a positive manner toward him. The record also contains numerous instances where the parties disagreed on co-parenting issues (such as the children's counselor) and could not co-parent, and where Ms. Howell made disparaging comments or mistreated Mr. Beem and demonstrated her inability or unwillingness to communicate or to alter her conduct, which was detrimental to the best interests of the children. In addition, at the time of the February 2, 2017 judgment, Mr. Beem was serving in the Navy and due to his schedule, he was not always available or able to help make decisions regarding the children's activities and schedules, but has since retired from the Navy and is now in a position to make such decisions. Furthermore, pursuant to the terms of the February 2, 2017 judgment, Ms. Howell was required to complete an anger management program approved by the court, but failed to do so by the time of trial. Thus, the evidence at trial overwhelmingly established that it was in the children's best interest that Mr. Beem be designated as the domiciliary parent. Accordingly, on the record before us, we find no abuse of the trial court's vast discretion in appointing Mr. Beem as domiciliary parent, and affirm the judgment of the trial court.

This assignment lacks merit.

8

## CONCLUSION

For the above reasons, the trial court's June 16, 2020 judgement, overruling Kimberly Howell's exception of no cause of action and designating David W. Beem as domiciliary parent of their two minor children, is hereby affirmed in all respects. Costs of this appeal are assessed to the defendant, Kimberly Howell.

**AFFIRMED.**