STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2022 CA 0823

MIDLAND FUNDING LLC

VERSUS

STACIA M WELCH

JUDGMENT RENDERED:    **FEB 2 4 2023**

* * * * * * *

Appealed from the
City Court of Baton Rouge
Parish of East Baton Rouge • State of Louisiana
Docket Number 09-07316-E

The Honorable Judy Moore Vendetto, Presiding Judge

* * * * * * *

| | |
|---|---|
| Garth Jonathan Ridge<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLANT<br>DEFENDANT—Stacia Welch |
| Adam R. Deniger<br>Baton Rouge, Louisiana<br>  *and*<br>Mary Grace Pollet<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE<br>PLAINTIFF—Midland Funding, LLC |

* * * * * * *

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

**WELCH, J.**

In this suit on an open account, the City Court of Baton Rouge sustained an exception of no cause of action, dismissing debtor's "Petition to Annul Judgment, for Preliminary Injunction and Permanent Injunction to Arrest Garnishment of Wages" with prejudice. For the following reasons, we reverse the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Midland Funding, LLC ("Midland") filed a suit on an open account against Defendant, Stacia M. Welch ("Ms. Welch"), on August 10, 2009, in the City Court of Baton Rouge. The sheriff was unable to serve Ms. Welch with the petition after a diligent search and inquiry, so Midland filed a motion and order for appointment of a private process server, which the trial court granted. According to a service return filed in the record, Ms. Welch was finally served on January 9, 2010, at "2104 S. Sherwood Forest Blvd. parking lot." Ms. Welch did not file any responsive pleadings, and a default judgment was rendered on March 11, 2010 ("the default judgment"). The clerk of court mailed the notice of signing of judgment to Ms. Welch at the following address:

**2104 S. SHERWOOD FOREST BLVD.**
**PARKING LOT**
**BATON ROUGE, LA**

In 2019, Midland filed a petition for garnishment, and the trial court ordered that a writ of fieri facias be issued on August 7, 2019. Shortly thereafter, Ms. Welch filed a "Petition to Annul Judgment, for Preliminary Injunction and Permanent Injunction to Arrest Garnishment of Wages" ("petition to annul"), in which she "explicitly" denied that she was ever served with Midland's petition or any other documents associated with this lawsuit in the Sherwood Forest parking lot. She further denied that she was ever served with any document associated with this lawsuit prior to 2019. Ms. Welch also alleged that notice of the default

2

judgment was deficient since the "address to which the notice was sent is not an actual address" and that she does not "have any connection with the address for any building at 2104 S. Sherwood Forest Blvd." Accordingly, Ms. Welch argued that garnishment of her wages is premature because notice of the default judgment was never provided, and therefore, new trial and appeal delays never began to run. Ms. Welch prayed for (1) a judgment annulling the default judgment; (2) preliminary and permanent injunctions enjoining Midland from seizing her property via garnishment of her wages; and (3) attorney's fees and costs. In the meantime, Midland filed a motion and order to revive the default judgment before it prescribed and a notice to hold the garnishment in abeyance pending resolution of Ms. Welch's concerns regarding the default judgment. Midland also filed an answer to the petition to annul, in which it asserted failure to state a cause of action as an affirmative defense,[1] and a separate opposition to Ms. Welch's request for preliminary injunction. Ms. Welch also filed a motion in support of her request for preliminary injunction.

The preliminary injunction hearing was held on December 11, 2019. At the conclusion of the trial, the trial court denied the preliminary injunction and "determined that Service was proper." The trial court signed a judgment reflecting that ruling on or about January 22, 2020.[2]

In April 2021, Midland filed a motion to set its objection raising the peremptory exception of no cause of action for hearing. The motion also set forth the basis for Midland's exception—that the petition to annul consists primarily of legal conclusions, which if unsupported by facts, do not establish a cause of action.

---

[1] If a party has mistakenly designated a peremptory exception as an affirmative defense, the court shall treat the pleading as if there had been a proper designation. La. Code Civ. P. art. 1005.

[2] Ms. Welch filed a notice of intent to seek supervisory review of this ruling on February 7, 2020. The trial court signed Ms. Welch's motion, set a return date, and stayed the proceedings pending resolution of the writ application. However, Ms. Welch did not file a timely writ application, and Midland moved to lift the stay. The trial court lifted the stay on April 14, 2021.

Midland further argued that the private process server reported service on Ms. Welch, and notice of default judgment was properly mailed in accordance with La. Code Civ. P. art. 1913(C).[3] Ms. Welch opposed the exception. She argued that the petition to annul clearly states that she was not served with the original petition filed by Midland, and the court is required to accept that well-pleaded fact as true for purposes of the exception of no cause of action. Ms. Welch also asserted that the petition to annul sought to enjoin garnishment on the basis that it was premature since service by mail of the notice of judgment was to a parking lot, which does not constitute "an address" under Article 1913.

The parties appeared for trial on the exception on December 15, 2021, during which counsel for Midland argued that "[t]he suit record reflects that . . . [Ms. Welch] was served personally with the citation petition . . . via private process server[,] and she has not alleged any facts that would rebut that prima facie evidence." The trial court specifically stated on the record that it considered the service return. At the conclusion of the trial, the trial court sustained Midland's exception and denied Ms. Welch's request for an opportunity to amend her petition per La. Code Civ. P. art. 934.

The trial court later provided written reasons for judgment at Ms. Welch's request. In its written reasons, the trial court stated,

> Based on the prior Preliminary Injunction ruling in which this court determined that service upon Defendant was proper, this court again rules that service was proper on the Defendant.
>
> Plaintiff notes that the Sheriff's office coordinated with the Defendant and met at an agreed upon location that was not her domicile or place of employment in order for her to accept service, yet the Defendant does not provide any proof of insufficiency of service other than her own testimony that she did not receive service.

---

[3] Louisiana Code of Civil Procedure article 1913(C) states, "Except when service is required under Paragraph B of this Article, notice of the signing of a default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant."

4

> For the foregoing reasons, Plaintiff's Exception of No Cause of Action is granted, dismissing the Defendant's petition to annul and Defendant's alternative fraud and ill practices claim with prejudice.[4]

The trial court signed a judgment memorializing its ruling and dismissing the petition to annul with prejudice on February 24, 2022, from which Ms. Welch now appeals.

## LAW AND DISCUSSION

The peremptory exception of no cause of action questions whether the law affords the plaintiff any remedy under the allegations of the petition. **Cheniere Construction, Inc. v. State through Department of Revenue and Taxation,** 2019-1471 (La. App. 1st Cir. 9/18/20), 313 So.3d 992, 994, writ denied, 2020-01194 (La. 12/8/20), 306 So.3d 431. The exception of no cause of action is triable only on the face of the petition and any attached documentation, and no evidence may be introduced to support or controvert the objection. **Tracer Security Services, Inc. v. Ledet,** 2018-0269 (La. App. 1st Cir. 9/24/18), 259 So.3d 353, 355, citing La. Code Civ. P. art. 931. The trial court must presume all well-pleaded facts are true, must make all reasonable inferences in favor of the nonmoving party, and must resolve any doubts in favor of the petition's sufficiency. See **Cheniere Constr.,** 313 So.3d at 995. An exception of no cause of action should be granted "only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief." **Tracer Sec. Servs.,** 259 So.3d at 355, quoting **State of Louisiana, by and through Caldwell v. Astra Zeneca AB,** 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 42 (en banc), writs denied, 2018-00766 & 2018-0758 (La. 9/21/18), 252 So.3d 899 & 904. The burden of demonstrating that a petition fails to state a

---

[4] In her appellate brief, Ms. Welch specifically states that she is not appealing her "alternative fraud and ill practices claim."

5

cause of action is on the exceptor, and an appellate court reviews a denial of an exception of no cause of action *de novo*. **Cheniere Constr.**, 313 So.3d at 995.

A final judgment may be annulled under three circumstances. Those limited circumstances include judgments rendered:

> (1) Against an incompetent person not represented as required by law.
>
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken.
>
> (3) By a court which does not have jurisdiction over the subject matter of the suit.

La. Code Civ. P. art. 2002(A). In order to state a cause of action for annulment of the default judgment, Ms. Welch needed only to allege facts sufficient to support grounds for which the default judgment could be annulled. See **Alderdice v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College**, 2012-0148 (La. App. 4th Cir. 7/25/12), 107 So.3d 7, 11. Ms. Welch explicitly denied she was served with Midland's petition. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of the law, all subsequent proceedings are absolutely null. **Brown v. Stratis Construction, LLC**, 2021-0964 (La. App. 1st Cir. 3/7/22), 341 So.3d 640, 646. Therefore, if Ms. Welch is able to prove at trial that she was not served with Midland's petition, there would be grounds for annulling the default judgment pursuant to Article 2002(A)(2), which in turn would be grounds for a permanent injunction on the garnishment of Ms. Welch's wages.

We acknowledge that the trial court made a prior factual finding during the preliminary injunction hearing that service was made on Ms. Welch. However, consideration of anything beyond the allegations of the petition and any

6

attachments thereto is improper on an exception of no cause of action.[5]  See **Tracer Sec. Servs.**, 259 So.3d at 355.  The court's inquiry on an exception of no cause of action is limited to determining whether the law provides a remedy to anyone if the facts alleged in the petition are proved at trial.  See **Farmco, Inc. v. West Baton Rouge Parish Governing Council**, 2001-1086 (La. 6/15/01), 789 So.2d 568, 569 (per curium).  Further, a court exceeds its limited scope on an exception of no cause of action by reaching the merits.  See **Id.**  Ms. Welch asserted that she was not served, and assuming that fact is true (as one must on an exception of no cause of action), we are constrained to conclude the trial court exceeded its limited scope on an exception of no cause of action.  Accordingly, we reverse the trial court's judgment that granted the exception of no cause of action and dismissed Ms. Welch's petition to annul.

## DECREE

For the above and foregoing reasons, we reverse the trial court's February 24, 2022 judgment granting the exception of no cause of action filed by Midland Funding, LLC and dismissing Stacia M. Welch's "Petition to Annul Judgment, for Preliminary Injunction and Permanent Injunction to Arrest Garnishment of Wages" with prejudice.  This matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Appellee, Midland Funding, LLC.

**REVERSED AND REMANDED.**

---

[5] Louisiana jurisprudence recognizes an exception to the rule against the admission of evidence to support or controvert an exception of no cause of action—when evidence is admitted without objection, it may be considered by the court as enlarging the pleadings. **Beem v. Beem**, 2020-0897 (La. App. 1st Cir. 4/20/21), 324 So.3d 682, 686.  However, the transcript from the hearing on Midland's exception does not reflect the admission of any evidence.